IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cr-00311-RAH |
| | ) | |
| NICHOLAS KING-SHEPPARD | ) | |

**AMENDED PRELIMINARY ORDER OF FORFEITURE**

Pending before the Court is the Government's (United States of America) *Motion to Amend Preliminary Order of Forfeiture* (Doc. 41) filed January 28, 2025.

On November 5, 2024, the Court entered a Preliminary Order of Forfeiture which directed forfeiture of a Glock GMBH 19Gen5 Machine Gun CAL:9 SN:BKRR864. (Doc. 32.)

On November 15, 2024, the Government provided direct notice (*see* Doc. 34) of the Preliminary Order of Forfeiture to Gregory Gabriel Ocampo. On December 20, 2024, Mr. Ocampo filed a petition with the Court claiming ownership and right of possession to the Glock GMBH 19Gen5 CAL:9 SN:BKRR864 (Glock) and requested a hearing to determine his legal entitlement to the Glock. Mr. Ocampo did not claim ownership to the machine gun conversion device (MCD) that was found to be attached to the Glock at the time the Glock was seized by law enforcement on August 7, 2024 during a traffic stop, as the MCD was attached to the Glock after it was stolen from Mr. Ocampo on or around September 29, 2023.

Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, an ancillary hearing on Mr. Ocampo's petition was held on January 28, 2025. Counsel for the Government and Mr. Ocampo attended.  Testimony was taken.  The Government acknowledged Mr. Ocampo's ownership rights and agreed that it is in the interest of justice to return the Glock to Mr. Ocampo.  The Court finds, and no party disputes, that Mr. Ocampo is not prohibited from possessing a firearm.  In fact, he is employed as a military officer with the Air Force.

At the hearing, Mr. Ocampo acknowledged and understood that he cannot possess the Glock in its current state, as the Glock contains an illegal MCD. He further acknowledged and understood that he can only obtain possession of the Glock if the MCD is removed beforehand and that the process of removing the MCD could result in damage or destruction of the Glock, thereby rendering it inoperable, unsafe and/or dangerous to any user if any attempt is made to fire or use it.

Accordingly, it is, ORDERED that the Government's motion is GRANTED as follows:

1.      The Bureau of Alcohol, Tobacco and Firearms (ATF) is ordered to and shall remove the MCD from the Glock and shall return the Glock to its lawful owner, Gregory Gabriel Ocampo.

2.      If Mr. Ocampo elects to take possession of the Glock, such transfer of possession to Mr. Ocampo shall be "AS IS", WHERE IS, and WITH ALL FAULTS, and that no representation or warranty is made by the ATF, the Government or

anyone else that the Glock will operate safely or function as a firearm.   Such transfer shall also be in recognition by Mr. Ocampo that he ASSUMES ALL RISKS associated with the use, operation and/or safety of the Glock and that he agrees to, and does hereby, unconditionally release, hold harmless, acquit, and discharge the Government (United States of America), ATF, and any state or local law enforcement agencies, its successors, assignees, agents, and employees from any and all claims, demands, causes of actions or suits, agreements, judgments, damages, expenses of whatever kind and description that might exist by reason of or arising out of the Glock,  the return of the Glock, its use, or its operation.  Mr. Ocampo's action in obtaining possession of the Glock shall constitute his acceptance and agreement to the terms set forth in this Order concerning the Glock, including the disclaimer of liability, acknowledgment of risks, release and hold harmless.

3.    The Court has determined that the following property remains subject to forfeiture pursuant to 18 U.S.C. §§ 924(d)(1) by 28 U.S.C. § 2461(c); that the defendant has an interest in such property; and that the Government has established the requisite nexus between such property and such offenses: **a machine gun conversion device**.

4.    The Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

8.    IT IS FURTHER ORDERED that the Clerk of the Court shall note entry of this Order in writing on the Judgment in a Criminal Case and forward a

certified copy of this Order to the United States Attorney's Office. A copy shall also

be forwarded to Gregory Gabriel Ocampo.

DONE, on this the 30th day of January 2025.

_____
UNITED STATES DISTRICT JUDGE

4